# United States Court of Appeals

### *for the*

# Third Circuit

---

Case No. 24-1593

ANDY KIM, in his personal capacity as a candidate for U.S. Senate; ANDY KIM FOR NEW JERSEY; SARAH SCHOENGOOD; SARAH FOR NEW JERSEY; CAROLYN RUSH; CAROLYN RUSH FOR CONGRESS

– v. –

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM AN INTERLOCUTORY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, CASE NO. 3:24-CV-01098-ZNQ-TJB, DISTRICT JUDGE: HONORABLE ZAHID N. QURAISHI

**REPLY BRIEF ON BEHALF OF DEFENDANTS-APPELLANTS JOSEPH GIRALO, JOHN S. HOGAN, JOSEPH RIPA, RITA M. ROTHBERG, CELESTE M. RILEY, CHRISTOPHER J. DURKIN, JAMES M. HOGAN, MARY H. MELFI, PAULA SOLLAMI COVELLO, NANCY J. PINKIN, CHRISTINE GIORDANO HANLON, ANN GROSSI, DANIELLE IRELAND-IMHOF, STEVE PETER, JOANNE RAJOPPI, IN THEIR OFFICIAL CAPACITIES AS CLERKS OF ATLANTIC, BERGEN, CAMDEN, CAPE MAY, CUMBERLAND, ESSEX, GLOUCESTER, HUNTERDON, MERCER, MIDDLESEX, MONMOUTH, MORRIS, PASSAIC, SOMERSET AND UNION COUNTIES, NEW JERSEY IN SUPPORT OF EMERGENCY MOTION FOR A STAY PENDING APPEAL**

JASON C. SPIRO
ERIC H. JASO
SPIRO HARRISON & NELSON
*Attorneys for Defendant-Appellant Christine Giordano Hanlon, in her official capacity as Monmouth County Clerk*
200 Monmouth Street, Suite 310
Red Bank, New Jersey 07701
(732) 784-1470

ANGELO J. GENOVA
JENNIFER BOREK
DANIEL LEBERSFELD
GENOVA BURNS LLC
*Attorneys for Defendants-Appellants Christopher J. Durkin, in his official capacity as Essex County Clerk and Joanne Rajoppi, in her official capacity as Union County Clerk*
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777

*(For Continuation of Appearances See Inside Cover)*

CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk; SCOTT M. COLABELLA, in his official capacity as Ocean County Clerk; PAULA SOLLAMI COVELLO, in her official capacity as Mercer County Clerk; MARY H. MELFI, in her capacity as Hunterdon County Clerk; STEVE PETER, in his official capacity as Somerset County Clerk; HOLLY MACKEY, in her official capacity as Warren County Clerk; NANCY J. PINKIN, in her official capacity as Middlesex County Clerk; JOSEPH J. GIRALO, in his official capacity as Atlantic County Clerk; JOHN S. HOGAN, in his official capacity as Bergen County Clerk; JOANNE SCHWARTZ, in her official capacity as Burlington County Clerk; JOSEPH RIPA, in his official capacity as Camden County Clerk; RITA ROTHBERG, in her official capacity as Cape May County Clerk; CELESTE M. RILEY, in her official capacity as Cumberland County Clerk; CHRISTOPHER J. DURKIN, in his official capacity as Essex County Clerk; JAMES N. HOGAN, in his official capacity as Gloucester County Clerk; E. JUNIOR MALDONADO, in his official capacity as Hudson County Clerk; ANN GROSSI, in her official capacity as Morris County Clerk; DANIELLE IRELAND-IMHOF, in her official capacity as Passaic County Clerk; JOANNE RAJOPPI, in her official capacity as Union County Clerk; DALE CROSS, in his official capacity as Salem County Clerk; JEFF PARROTT, in his official capacity as Sussex County Clerk; NEW JERSEY SECRETARY OF STATE; CAMDEN COUNTY DEMOCRATIC COMMITTEE

JOSEPH GIRALO, JOHN S. HOGAN, JOSEPH RIPA, RITA M. ROTHBERG, CELESTE M. RILEY, CHRISTOPHER J. DURKIN, JAMES M. HOGAN, E. JUNIOR MALDONADO, MARY H. MELFI, PAULA SOLLAMI COVELLO, NANCY J. PINKIN, CHRISTINE GIORDANO HANLON, ANN GROSSI, DANIELLE IRELAND-IMHOF, STEVE PETER, JOANNE RAJOPPI,

*Appellants.*

JOHN M. CARBONE
CARBONE & FAASSE
*Attorneys for Defendants-Appellants Mary H. Melfi, in her official capacity as Hunterdon County Clerk, Joseph J. Giralo in his official capacity as Atlantic County Clerk, Celeste M. Riley, in her official capacity as Cumberland County Clerk, James N. Hogan, in his official capacity as Gloucester County Clerk, Rita Rothberg, in her official capacity as Cape May County Clerk*
401 Goffle Road
PO Box 763
Ridgewood, New Jersey 07451
(201) 445-7100

LOUIS N. RAINONE
RAINONE COUGHLIN MINCHELLO
*Attorneys for Defendant-Appellant Paula Sollami Covello, in her official capacity as Mercer County Clerk*
555 U.S. Highway One South, Suite 440
Iselin, New Jersey 08830
(732) 709-4182

RICHARD K. WILLE, JR.
WILENTZ, GOLDMAN & SPITZER, P.A.
*Attorneys for Defendant-Appellant Steve Peter in his official capacity as Somerset County Clerk*
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
(732) 855-6056

KIRSTIN BOHN
CHASAN LAMPARELLO MALLON
   & CAPPUZZO, PC
*Attorneys for Defendant-Appellant
   Ann Grossi in her official capacity
   as Morris County Clerk*
300 Harmon Meadow Boulevard
Secaucus, New Jersey 07094
(201) 348-6000

MICHAEL S. WILLIAMS
MIDDLESEX COUNTY OFFICE COUNTY
   COUNSEL
*Attorneys for Defendant-Appellant
   Nancy J. Pinkin in her official
   capacity as Middlesex County
   Clerk*
75 Bayard Street
New Brunswick, New Jersey 08901
(732) 745-3228

RAJIV D. PARIKH
KATHLEEN BARNETT EINHORN
PEM LAW LLP
*Attorneys for Defendant-Appellant
   Danielle Ireland-Imhof in her
   official capacity as Passaic County
   Clerk*
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
(973) 577-5500

HOWARD LANE GOLDBERG
OFFICE OF CAMDEN COUNTY COUNSEL
*Attorneys for Defendant-Appellant
   Joseph Ripa in his official capacity
   as Camden County Clerk*
520 Market Street
Courthouse – 14th Floor
Camden, New Jersey 08102
(856) 225-5543

THOMAS A. ABBATE
DECOTIIS, FITZPATRICK, COLE
   & GIBLIN, LLP
*Attorneys for Defendant-Appellant
   John S. Hogan in his official
   capacity as Bergen County Clerk*
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
(201) 928-1100

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION ........................................................................................1

ARGUMENT .............................................................................................2

    I.    THE DISTRICT COURT'S FACTUAL FINDINGS AS TO
        FEASIBILITY DO NOT SATISFY *PURCELL* ...................................2

    II.   THE DISTRICT COURT'S JUDICIALLY IMPOSED
        BALLOT CHANGES ARE INFEASIBLE .........................................4

    III.  THE EQUITIES DO NOT FAVOR THE CANDIDATES
        BASED ON THEIR SHIFTING THEORIES OF HARM
        AND UNDUE DELAY .......................................................9

CONCLUSION ..........................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Merrill v. Milligan*,
    142 S. Ct. 879 (2022)...................................................................................1, 3

**Statutes & Other Authorities:**

N.J.S.A. 19:32-53.....................................................................................................8

## **INTRODUCTION**

The Candidates' Opposition ("Opp.") does nothing to cast doubt on the conclusion that the district court's preliminary injunction is a "late, judicially imposed change to election law" that must be stayed under the bedrock tenet of election law known as the *Purcell* principle. *Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (Kavanaugh, J. concurring). The Candidates (and the district court) are simply wrong in avoiding this principle based on their rationale that the primary election is in "100 days," or even April 20 as they now contend. The ballot process has already begun. New Jersey's election law requires the appellant County Clerks to send completed ballots to the printer *this Friday*, *April 5* and voters will begin submitting mail-in ballots on *April 20*. That timing now requires the Clerks to design and print separate ballots for the Republican and Democratic primary elections, which was not even a consideration until the district court's subsequent clarification of its own Order, and to coordinate that ballot design and printing with complex election technology (machines, software and scanners) that is not in the Clerks' custody or control. The Clerks' ability to meet these statutory deadlines – or, if the district court's injunction is not stayed, to risk contempt of court – is in jeopardy in the 19 of New Jersey's 21 counties which for seventy years have balloted the same way. That is why county clerks from both political parties swore with conviction (not speculation) before the district court that they, as highly experienced election

administrators, and their vendors did not know whether and how the Candidates' proposed ballot changes (now ordered by the district court) could be implemented in time for the 2024 primary elections.

This being the current reality, the Candidates effectively concede, as they must, that if *Purcell* and its progeny apply here, this Court must stay the district court's imposition of its eleventh-hour "mandatory" injunction that abruptly altered the seventy-year status quo. That the Candidates (like the district court) avoid any meaningful discussion of *Purcell* and instead devote the bulk of their defense of the district court's Order to touting the conclusions of their "experts" (who, unlike the Clerks, lack experience with New Jersey elections) is all the evidence this Court needs to conclude that the Clerks' motion should be granted, so that the merits of the Candidates' claims can be litigated in their ordinary course and without the need to gratuitously disrupt the apolitical responsibilities of the Clerks.

Accordingly, the district court's plainly incorrect judgment should be stayed, and appeal expedited, to avoid a primary election blighted by chaos and confusion.

## ARGUMENT

## I.   THE DISTRICT COURT'S FACTUAL FINDINGS AS TO FEASIBILITY DO NOT SATISFY *PURCELL*

Recognizing the infirmity of the district court's perfunctory analysis of *Purcell*, the Candidates assert that because the district court made its own factual

determinations as to feasibility its mandatory injunction somehow "did not violate *Purcell*." (Opp. 16). This attempted sleight of hand fails on at least two grounds.

First, the Candidates' focus on the district court's weighing of conflicting testimony as to feasibility negates the very purpose of the *Purcell* principle, which is to ensure that "[w]hen an election is close at hand, the rules of the road must be clear and settled." *Merrill*, 142 S. Ct. at 880-81 (Kavanaugh, J. concurring). That is, the point of *Purcell* is that injunctive relief as an election is approaching, as it most assuredly is here regardless of whether the "relevant date for feasibility analysis" is April 5 or April 20 (Opp. 19), should not be considered except under extraordinary circumstances, which the Candidates have never even attempted to argue have existed here.

Second, *Purcell* is about much more than just feasibility. Rather, the Candidates were also obligated to demonstrate that the merits were "entirely clearcut" in their favor and that they did not unduly delay in seeking injunctive relief. *Merrill*, 142 S. Ct. at 881. And on these two additional requirements, there simply is no room for debate. One need look no further than the Candidates' own experts who recognized that other scholars have doubted the so-called "primacy effect" and that their conclusions were only "statistically descriptive." Op. 31. Otherwise, the Candidates were well aware for months prior to bringing suit that they would face

the supposedly constitutionally untenable challenges of New Jersey's ballot design when they announced their respective candidacies.

In sum, *Purcell* is not about weighing conflicting testimony as to feasibility or determining whether a certain date in the election process might be six weeks or eight weeks away from when suit was filed.  Rather, the *Purcell* principle holds that constitutional challenges to State election laws should proceed in their ordinary course, which is, at bottom, what the Clerks' motion for a stay seeks to accomplish.

## II.   THE DISTRICT COURT'S JUDICIALLY IMPOSED BALLOT CHANGES ARE INFEASIBLE

The Candidates attempt to gloss over the contradictory and conflicting testimony of their experts on the question of feasibility, but it is clear from the record that there is no evidence whatsoever to support the Candidates' argument that the district court's ballot changes are feasible (i) in a Presidential primary election, and (ii) within the timing required for the 2024 primary election.  As the Candidates' expert, Dr. Andrew W. Appel, opined, the key question is whether New Jersey's voting equipment could accommodate an office block ballot (versus column and row) "for an election in which there are several separate contests (such as Governor, Senator, Legislator, Mayor, etc.), each with several candidates, all to be displayed on the same sheet of paper or voting-machine screen."  (ECF 1-5 at 1).  Dr. Appel correctly recognized, as to the ExpressVote XL used by many of New Jersey's counties, that "no state currently using the ExpressVote XL does so with an office-

block format." (*Id.* at 4).[1] Even Dr. Appel's conclusion that ES&S could accommodate a change to an office block ballot (based on marketing brochures and other information not specific to New Jersey elections) is notable because he did not reach any concrete conclusion as to the *timing* for accomplishing such a change in a *multi-contest, multi-candidate election* such as the 2024 Presidential primary election. (*See generally* ECF 1-5).

To attempt to save their feasibility position, the Candidates and their Texas-based expert, Ryan Macias, whose report was disclosed less than one week before the hearing, pointed to ballots from New Jersey that do not involve the type of multi-contest and multi-candidate elections that are at issue in this case. (*See* ECF 115-1 ¶ 42-44). A Presidential primary election, however, involves New Jersey statutes and ballot design challenges that do not exist in nonpartisan municipal or Board of Education elections. For example, the Candidates point to a ballot from a nonpartisan, municipal election in Long Branch as an office block ballot, but as the record makes clear, that ballot was, in fact, a column and row ballot that merely

---

[1] Presumably when the Candidates realized that their expert's report was at odds with their own assertions, Dr. Appel submitted a supplemental report (ECF 95 Exhibit D) in which he pointed to two ballots (ECF 95 Exhibit D Exhibits A and B) in New Jersey that allegedly included an office-block layout. But both were actually in a column-and-row format, and neither had anything to do with a primary presidential election. Rather, both were Board of Education elections. Further, Dr. Appel admitted on cross-examination that he had never seen an ExpressVote XL ballot that had an office-block layout for every contest. (Tr. 298: 18-20).

looks like an office block ballot because it was not a contested election.  (*Id.* ¶ 44).

As the Monmouth County Clerk testified, and as anyone with experience on the

ground in New Jersey elections would know, the Long Branch ballot has no bearing

on the feasibility of implementing the Ordered ballot design for a Presidential

primary election.  (Tr. 352: 1-21) (testifying that the Long Branch ballot was no

different than the usual column-and-grid ballot, including the fact that candidates

were bracketed on the ballot).

The Candidates' weak and conflicting evidence about their perception of the

cost, confusion, and hardship of late ballot changes must be contrasted with evidence

from the county clerks and election vendors who are actually conducting the 2024

Primary election. Monmouth County, for example, uses ES&S's ExpressVote XL

voting machines. As affirmed by ES&S's Benjamin Swartz, the ExpressVote XL

system used in New Jersey was certified and tested using the statutorily authorized

ballot design style, not an office-block style. (ECF 61-1 at ¶ 8). Mr. Swartz further

advised that any deviations from the column-and-grid style previously used would

have to be evaluated to determine feasibility, and any changes may require

development, testing, and certification.  (*Id.*)  Most significantly, Swartz stated that,

"Such deviations could not be made and implemented prior to New Jersey's 2024

primary elections." (*Id.*). In his supplemental affidavit, Swartz further advised that

"extensive internal accuracy testing" would need to take place "[w]ith any

significant ballot design change." (ECF 151 at ¶ 8). He estimated that such testing would take two weeks. (*Id*. at ¶ 9). He also advised that the Candidates' expert Ryan Macias was mistaken in stating "with certainty that the machines would not have to be re-certified by the New Jersey Division of Elections" and that Mr. Macias was "ignoring the risk of tabulation errors any time a ballot is re-designed or deviated from what was demonstrated during the voting system certification…" (*Id*. at ¶¶ 9, 13). Notably, if re-certification were required, that process would take an additional one to three months. (*Id*. at ¶ 17).

Monmouth County Clerk Christine Hanlon also testified that she spoke with ES&S and was told that if the ballot changed to an office-block style, "[t]hat would be bad." (Tr. 361:25-362:24). She was further advised by her printer that printing office-block ballots would be "uncharted territory." (Tr. 359: 4-23). If in fact the ES&S machines cannot accommodate an office-block format, which the evidence suggests they cannot, and the election needs to be conducted via paper ballots, Clerk Hanlon estimates that the cost to Monmouth County would be between $1.1 and $1.2 million. (ECF 167). Also, if paper ballots must be used, then any suggestion by the Candidates that April 5 is a "soft" or "flexible" deadline for printing becomes entirely beside the point, as many more ballots than usual would need to be printed in time for the mail-in ballot mailing deadline of April 20 and early voting that begins on May 29. (Tr. 346:6-10).

The Ordered ballot design is all the more infeasible and prone to confusion given that the district court ruled that the Order does not apply to the Republican primary. As the Candidates must concede, there is no record evidence to support a finding that the County Clerks can simultaneously use two separate ballot designs in the same Presidential primary election using ExpressVote XL or any other voting equipment. That design issue could require separate paper ballots for the Democratic primary election and machine voting for the Republican primary election, all without the months of training and voter education that would typically be required for making such late changes to the election ballot.

Finally, the Candidates' failure to join indispensable parties, namely the Boards of Election, Superintendents of Election, and the county Democratic and Republican Committees, further establishes there is not a full record to support the feasibility of the ballot design changes ordered by the district court. The Superintendents have custody of the machines and are required to maintain them. *N.J.S.A.* 19:32-53. The software that is used to create the ballot is also used to program the machines. If the software cannot create the ballot, the machines will not be usable in the election. (*See* Hanlon Cert. (ECF 61-2) at ¶ 21). The Board of Elections is responsible for canvassing the mail-in ballots, and maintains optical screeners that do this canvassing. The optical scanners must be programmed to read the ballots. (*Id*. at ¶ 22). Consequently, the County Superintendents and Boards of

Election are impacted by any changes made to the election software management in ways that were not explored by the district court. (*Id.*)  As non-parties, they have been provided with absolutely no guidance as to a framework for ensuring that the voting machines and optical scanners comply with the district court's Order.

## III.    THE EQUITIES DO NOT FAVOR THE CANDIDATES BASED ON THEIR SHIFTING THEORIES OF HARM AND UNDUE DELAY

The Candidates' Opposition does not persuasively address their clear and obvious delays in bringing this action.  Candidate Andy Kim's testimony reveals that he concocted a theory of harm (that he has now abandoned) to avoid the obvious conclusion that he unduly delayed in bringing suit, so he could have it both ways by challenging the election laws while himself benefiting from the county line if he did not prevail. At the preliminary injunction hearing, Kim unambiguously testified that he did not experience concrete, non-speculative harm until he lost the county line in Passaic County in February 2024, and that, by contrast, he did not sustain a non-speculative injury in the 2022 Congressional elections because he was on the county line. (Tr. 222:6-19).

Kim is now, however, the election frontrunner and he no longer faces the weight of the county line in any county in New Jersey.  Kim has thus shifted his alleged harm to his forced association with other candidates on the county line.  That shifting position only emphasizes his extreme delay in pursuing an injunction.  To be clear, Kim experienced the same alleged forced association when he ran for office

in prior Congressional elections, and, again, in September 2023, when he entered the 2024 primary election and expressly stated his intention to accept the system as it existed and campaign for the county line. Similarly, Candidate Rush was aware of the county line and the resulting alleged forced associational harm when she entered her race in February 2023, while waiting over one year to file suit.

All told, the "harm" the Candidates claim compelled them to seek emergent relief is abstract and obviously concocted to the extent it purports to be based on associational concerns. That "harm" is speculative (as to Rush and Schoengood) or non-existent (as to Kim) to the extent it is based on their electoral prospects. By contrast, the harm to the County Clerks' (and by extension, to the voting public's) interests in administering the upcoming primary election in a predictable fashion, which the district court improperly dismissed "as not especially compelling" is all too real and concrete. If this Court grants a stay, as the County Clerks respectfully submit it should, New Jersey elections will proceed just as they have for the past seventy years, and the Candidates will still ultimately have their day in Court to make their case that the so-called "county line" is unconstitutional. Absent a stay, however, there is no telling what the upcoming primary election (be it the Democratic primary, the Republican primary, or both) might ultimately look like. Under these circumstances, there can simply be no dispute that the largely theoretical

harms a stay might impose on the Candidates pale in comparison to those that will result if a stay is not granted.

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Defendants' Opening Brief, the Court should grant a stay of the district court's preliminary injunction pending appeal.

Dated: April 3, 2024

**GENOVA BURNS LLC**

By: /s/*Angelo J. Genova*
     ANGELO J. GENOVA
     JENNIFER BOREK
     DANIEL LEBERSFELD
     494 Broad Street
     Newark, New Jersey 07102
     *Attorneys for Defendants Christopher J. Durkin, in his official capacity as Essex County Clerk and Joanne Rajoppi, in her official capacity as Union County Clerk*

**SPIRO HARRISON & NELSON**

By: /s/ *Jason C. Spiro*
     JASON C. SPIRO
     ERIC H. JASO
     200 Monmouth Street, Suite 310
     Red Bank, New Jersey 07701
     *Attorneys for Defendant Christine Giordano Hanlon, in her official capacity as Monmouth County Clerk*

**RAINONE COUGHLIN MINCHELLO**

By: /s/ *Louis N. Rainone*
    LOUIS N. RAINONE
    555 U.S. Highway One South, Suite 440
    Iselin, New Jersey 08830
    *Attorneys for Defendant Paula Sollami*
    *Covello, in her official capacity as*
    *Mercer County Clerk*

**CARBONE & FAASSE**

By: /s/*John M. Carbone*
    JOHN M. CARBONE
    401 Goffle Road
    PO Box 763
    Ridgewood, New Jersey 07451
    *Attorneys for Defendants Mary H. Melfi,*
    *in her official capacity as Hunterdon*
    *County Clerk, Joseph J. Giralo in his*
    *official capacity as Atlantic County*
    *Clerk, Celeste M. Riley, in her official*
    *capacity as Cumberland County Clerk,*
    *James N. Hogan, in his official capacity*
    *as Gloucester County Clerk, Rita*
    *Rothberg, in her official capacity as*
    *Cape May County Clerk*

**WILENTZ, GOLDMAN & SPITZER, P.A.**

By:/s/ *Richard K. Wille, Jr.*
    RICHARD K. WILLE, JR.
    90 Woodbridge Center Drive
    Suite 900
    Woodbridge, New Jersey 07095
    *Attorneys for Defendant Steve Peter in*
    *his official capacity as Somerset County*
    *Clerk*

**PEM LAW LLP**

By: /s/ *Rajiv D. Parikh*
     RAJIV D. PARIKH
     KATHLEEN BARNETT EINHORN
     1 Boland Drive, Suite 101
     West Orange, New Jersey 07052
     *Attorneys for Defendant Danielle*
     *Ireland-Imhof in her official capacity as*
     *Passaic County Clerk*

**CHASAN LAMPARELLO MALLON &
CAPPUZZO, PC**

By:/s/ *Kirstin Bohn*
     KIRSTIN BOHN
     300 Harmon Meadow Boulevard
     Secaucus, New Jersey 07094
     *Attorneys for Defendant Ann Grossi in*
     *her official capacity as Morris County*
     *Clerk*

**OFFICE OF CAMDEN COUNTY
COUNSEL**

By:/s/ *Howard Lane Goldberg*
     HOWARD LANE GOLDBERG
     520 Market Street
     Courthouse – 14th Floor
     Camden, New Jersey 08102
     *Attorneys for Defendant Joseph Ripa in*
     *his official capacity as Camden County*
     *Clerk*

**MIDDLESEX COUNTY OFFICE
COUNTY COUNSEL**

By: /s/ *Michael S. Williams*
     MICHAEL S. WILLIAMS
     75 Bayard St.
     New Brunswick, NJ 08901
     *Attorneys for Defendant Nancy J. Pinkin*
     *in her official capacity as Middlesex*
     *County Clerk*

**DECOTIIS, FITZPATRICK, COLE &
GIBLIN, LLP**

By: /s/ *Thomas A. Abbate*
     THOMAS A. ABBATE
     61 South Paramus Road, Suite 250
     Paramus, New Jersey 07652
     *Attorneys for Defendant John S. Hogan*
     *in his official capacity as Bergen County*
     *Clerk*

# <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(c). This brief contains 2,561 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2019 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the Vipre Virus Protection, version 3.1 has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated: April 3, 2024

By: _/s/ Angelo J. Genova
        Angelo J. Genova, Esq.

## <u>CERTIFICATION OF ADMISSION TO BAR</u>

I, Angelo J. Genova, certify as follows:

      1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

      2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By: /s/ Angelo J. Genova
Angelo J. Genova, Esq.

## <u>CERTIFICATION OF ADMISSION TO BAR</u>

I, Jason C. Spiro, certify as follows:

      1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

      2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By: /s/ Jason C. Spiro
Jason C. Spiro, Esq.

## **CERTIFICATION OF ADMISSION TO BAR**

I, Louis N. Rainone, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of

Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the

foregoing is true and correct.

Dated: April 3, 2024

By:  /s/ Louis N. Rainone
Louis N. Rainone, Esq.

## **CERTIFICATION OF ADMISSION TO BAR**

I, John M. Carbone, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of

Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the

foregoing is true and correct.

Dated: April 3, 2024

By:  /s/ John M. Carbone
John M. Carbone, Esq.

## **CERTIFICATION OF ADMISSION TO BAR**

I, Richard K. Wille, Jr., certify as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By:  /s/ Richard K. Wille, Jr.<br>Richard K. Wille, Jr., Esq.


## **CERTIFICATION OF ADMISSION TO BAR**

I, Rajiv D. Parikh, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By:  /s/ Rajiv D. Parikh<br>Rajiv D. Parikh, Esq.

## **CERTIFICATION OF ADMISSION TO BAR**

I, Kirstin Bohn, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By: _/s/ Kirstin Bohn_
Kistin Bohn, Esq.

## **CERTIFICATION OF ADMISSION TO BAR**

I, Howard Lane Goldberg, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By: _/s/ Howard Lane Goldberg_
Howard Lane Goldberg, Esq.

## **CERTIFICATION OF ADMISSION TO BAR**

I, Michael S. Williams, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By:  /s/ Michael S. Williams
Michael S. Williams, Esq.

## **CERTIFICATION OF ADMISSION TO BAR**

I, Thomas A. Abbate, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 3, 2024

By:  /s/ Thomas A. Abbate
Thomas A. Abbate, Esq.

## CERTIFICATE OF FILING AND SERVICE

I certify that on this 3rd day of April 2024, the foregoing Reply Brief has been filed through CM/ECF system and served on all parties or their counsel of record through the CM/ECF system.

Dated: April 3, 2024

By: /s/ Angelo J. Genova
Angelo J. Genova, Esq.